**Steven K. ANGAY; et al.,
Plaintiffs–Appellants,**

v.

**Raynard SOON, in his individual
capacity; et al., Defendants–
Appellees.**

No. 02–15834.

D.C. No. CV–01–00155–DAE(LEK).

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

Steven K. Angay, June L. Brady, Valerie Dukeow, Patrick L. Kahawaiola'a and Norman K. Macomber, Sr., appeal pro se the district court's judgment dismissing their 42 U.S.C. § 1983 action against officials of the Department of Hawaiian Home Lands ("DHHL"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Appellants brought this action to enjoin eviction proceedings and to invalidate homestead leases due to the state's breach of trust obligations under the Hawaiian Homes Commission Act of 1920 and the Hawaiian Admission Act.

The district court properly dismissed Appellants' claims against the DHHL officials in their individual capacities, because Appellants failed to plead a connection between these individuals and the allegedly unconstitutional action. *See Rounds v. Oregon State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 n. 2 (9th Cir.1999).

To the extent Appellants' claims are directed at the Appellees in their official capacities, such claims are barred under the Eleventh Amendment, as they seek redress of a past breach of trust. *See Papasan v. Allain*, 478 U.S. 265, 278–79, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (claim against state officials for breaching land trust barred by Eleventh Amendment; although couched in terms of declaratory relief, claim sought redress for past legal wrong); *see also Doe v. Law-*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*rence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir.1997).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.